UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
*ex rel.* WILLIAM STILLWELL and
PENELOPE STILLWELL,

    Plaintiffs,

v.                                              CASE NO. 8:17-cv-1894-T-23AAS

STATE FARM FIRE AND CASUALTY
CO. and MOTORISTS MUTUAL
INSURANCE CO.,

    Defendants.
_____/

## **ORDER**

In 2016, William Stillwell, a Medicare enrollee, settled his state-court personal-injury action by accepting a lump-sum payment from the state-court defendants' insurers, by authorizing the insurers to reimburse Medicare for "conditional payments" remitted before the settlement, and by agreeing to remain responsible for his future medical expenses. Later, William Stillwell repudiated the settlement and refused to sign a release that obligated William Stillwell to remain responsible for future medical expenses. The state court enforced the settlement and entered a judgment incorporating the release. The enforcement of the settlement was affirmed on appeal.

Suing under the False Claims Act, William Stillwell and his wife, Penelope Stillwell, claim that by failing to create a "Medicare Set Aside" for future medical

expenses, by failing to timely report the settlement to Medicare, and by enforcing the settlement, State Farm and Motorists Mutual "caused" William Stillwell's healthcare providers to bill Medicare as a primary payer in violation of the Medicare Second Payer Act, which establishes Medicare's status as a "secondary payer," that is, a payer secondary to a "primary payer," such as a liability insurer.

A February 27, 2020 report (Doc. 71) recommends granting State Farm and Motorist Mutual's motions to dismiss for failure to state a claim. The report correctly concludes (1) that the complaint is a "shotgun pleading" that impermissibly incorporates in each count the allegations of each preceding count, (2) that no law or regulation requires a liability insurer settling a personal-injury claim to create a "Medicare Set Aside" to cover future medical expenses, (3) that the complaint fails to allege with particularity the means by which State Farm and Motorist Mutual "caused" William Stillwell's healthcare providers to submit claims to Medicare instead of a primary payer, (4) that the complaint fails to allege facts showing that State Farm and Motorist Mutual remained liable for William Stillwell's medical expenses after payment of the settlement, (5) that the complaint fails to allege facts showing that State Farm and Motorist Mutual remained primary payers after paying in accord with the settlement and after William Stillwell accepted responsibility for future medical expenses, and (5) that the complaint fails to describe with particularity the allegedly fraudulent statements contained in the release. Also, the report correctly concludes that the complaint fails to state a claim under the Medicare Second Payer Act because the complaint fails to allege facts plausibly showing

(1) that State Farm and Motorists Mutual failed to reimburse Medicare's pre-settlement "conditional payments" to William Stillwell's healthcare providers and (2) that the Stillwells suffered damages resulting from State Farm's and Motorist Mutual's alleged failure to reimburse Medicare.

The report's analysis of the claims under the False Claims Act warrants adoption except in one respect.  The report determines that the complaint adequately alleges that the insurers' failure to report the settlement to Medicare was "material" to Medicare's decision to pay William Stillwell's healthcare providers.  In the absence of particularized allegations demonstrating that State Farm and Motorists Mutual (1) knowingly (2) caused William Stillwell's healthcare providers (3) to present to Medicare (4) a claim falsely certifying compliance with the Medicare Second Payer Act, any determination about materiality remains premature.

The report and recommendation (Doc. 71) is **ADOPTED** as modified in the preceding paragraph, the motions to dismiss (Docs. 56, 57) are **GRANTED**, and the amended complaint is **DISMISSED WITH LEAVE TO AMEND**.  No later than **JUNE 17, 2020**, the plaintiffs may amend the complaint to remedy the defects identified in the report and recommendation.

ORDERED in Tampa, Florida, on May 29, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE