UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA ex rel.
WILLIAM STILLWELL and PENELOPE
STILLWELL,

      CASE NO. 8:17-cv-1894-T-17AAS

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
CO. and MOTORIST MUTUAL INSURANCE
CO.,

    Defendants.
_____/

### MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO WITHDRAW AND REQUEST FOR STAY OF PROCEEDINGS

Pursuant to Rule 2.03(b) of the Local Rules of the United States District Court for the Middle District of Florida and Rule 4-1.16 of the Rules Regulating the Florida Bar, Frank Carlos Quesada, Alexis Fernandez, and MSP Recovery Law Firm (collectively, "MSP Recovery Law Firm"), move the Court to reconsider its Order entered on June 30, 2020 (Doc #84) concerning MSP Recovery Law Firm's *Unopposed* Motion for Leave to Withdraw as Counsel for Relators (Doc #83) and request that the Court stay all pending deadlines for sixty (60) days to give Relators time to secure new counsel.

MSP Recovery Law Firm acknowledges that Relators cannot proceed *pro se.*[1] *See Timson v. Sampson*, 518 F. 3d 870, 873-74 (11th Cir. 2008)(*per curiam*)(holding that a Relator cannot

---

[1] Indeed, it was never undersigned counsel's intent to request (or suggest) that Relators be permitted to pursue this *qui tam* action *pro se*. Given that the case currently stands dismissed with leave to amend (i.e., there is no operative complaint), it was undersigned counsel's understanding

1

proceed *pro se* in litigating a qui tam action under the False Claims Act). However, this Court has the authority to grant the undersigned's request to withdraw and can avoid any concern about Relators proceeding *pro se* by simply staying all briefing deadlines so that Relators can retain a new lawyer to represent their interests. Indeed, Courts have routinely addressed these circumstances in that very fashion. *See e.g., United States ex rel. Patel v. GE Healthcare Inc.,* 8:14-CV-00120-VMC-TGW, 2018 WL 3831185 (M.D. Fla. Aug. 13, 2018) (staying FCA case for ninety (90) days, after granting attorney's motion to withdraw, to permit relator time to retain new counsel); *United States ex. rel. McLean v. County of Santa Clara*, 2009 WL 3297502, *3 (N.D. Cal., October 9, 2009) (staying FCA case from October 9, 2009 through November 30, 2009, after granting attorney's motion to withdraw, to permit relator time to retain her fourth lawyer); and *United States ex rel. McLean v. Cnty. Of Santa Clara*, No. C05-01962 HRL, 2009 WL 3297502, at *3 (N.D. Ca. Oct. 9, 2009) (staying an FCA lawsuit to allow the relator to retain substitute counsel). In fact, prior counsel in *this* case was once previously stayed on October 11, 2018, to allow Relators to obtain new counsel prior to proceeding (Doc #29). Thus, given the history of this case an additional stay of sixty (60) days to allow Relators to obtain new counsel is not prejudicial.

Denying undersigned counsel's request to withdraw places the undersigned in an untenable position: undersigned counsel cannot ethically file the amended complaint and continue to represent Relators, but failing to file the amended complaint by the provided deadline could result in dismissal of the action and therefore prejudice the Relators and create significant exposure to undersigned counsel. Indeed, on July 1, 2020, undersigned counsel called the Florida Bar Ethics Hotline and was provided with an Oral Advisory Opinion that, given the circumstances,

---

that the previously requested extension to amend the complaint would effectively render the case stayed until new counsel appeared and filed the amended pleading. This motion seeks to make that request more express.

2

undersigned counsel cannot file the amended complaint because it would result in violation of the Florida Rules of Professional Conduct. R. Regulating Fla. Bar 4-1.2 and 4-3.1. The Oral Advisory Opinion essentially confirmed undersigned counsel's prior understanding as set forth in the original motion (Doc #83).

Thus, if Relators wish to continue pursuing this action, they should be required to retain new counsel. Therefore, and consistent with the above-cited case law, MSP Recovery Law Firm respectfully requests that the Court reconsider and *grant* its prior request to immediately withdraw as counsel for Relators, and enter an order staying all deadlines for a period of sixty (60) days (or whatever amount of time the Court deems appropriate) to afford Relators adequate time to retain new counsel without technically pursuing the action *pro se* (which Relators cannot do).

**WHEREFORE**, MSP Recovery Law Firm respectfully moves this Court to enter an Order staying all deadlines for a period of sixty (60) days to afford Relators the opportunity to retain new counsel and grant MSP Recovery Law Firm's Motion to Withdraw.

Dated: July 1, 2020						Respectfully submitted,

s/ Alexis Fernandez
Frank C. Quesada, Fla. Bar No. 29411
Alexis Fernandez, Fla. Bar No. 1008230
MSP RECOVERY LAW FIRM
2701 S. Lejeune Rd., Tenth Floor
Coral Gables, Florida 33134
Telephone: (305) 614-2222
Email: serve@msprecoverylawfirm.com
 afernandez@msprecoverylawfirm.com

*Attorneys for Relators William Stillwell and Penelope Stillwell*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), **I HEREBY CERTIFY** that counsel for Relators conferred with Defendants in a good faith effort pertaining to this Motion for Reconsideration. Relators'

counsel addressed its intent to file the instant Motion on July 1, 2020, however, Defendants will not be able to provide their position to Relators' counsel prior to next week due to the intervening holiday weekend. According to Local Rule 3.01(g), Relators' counsel will expeditiously continue its efforts to ascertain Defendants' position and supplement this Motion accordingly. Notably, the *original* underlying motion for which Relators' counsel now seeks reconsideration was *unopposed*.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 1, 2020, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record. A copy of the foregoing was mailed to Penelope Stillwell to 1250 Gulf Boulevard #1005, Clearwater Beach, FL, 33767, and emailed to pstillwe@hotmail.com.

*/s/* Alexis Fernandez